IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KI-1, Inc., *et al.*,<br><br>f/k/a KELLSTROM INDUSTRIES, INC., *et al.*,<br><br>          Debtors. | Chapter 11<br><br>Case No. 02-10536 (MFW)<br>Jointly Administered |
| Henry H. Hirst as the KI Liquidating Trustee under the Liquidating Trust Agreement of KI-1, Inc., *et al.*,<br><br>          Plaintiff,<br><br>    - against -<br><br>Aero Union Corporation,<br><br>          Defendant. | Adversary Proceeding No. _____ |

## ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 105, 502, 542, 547, 550 AND 551

Henry H. Hirst (the "KI Liquidating Trustee" or "Plaintiff"), as Trustee under the Liquidating Trust Agreement of KI-1, Inc., and certain of its subsidiaries (the "Debtors"), as and for its complaint (the "Complaint") against defendant Aero Union Corporation (the "Defendant") alleges as follows:

### NATURE OF THE ACTION

1. This adversary proceeding arises under and is filed pursuant to sections 105, 502, 542, 547, 550 and 551 of title 11 of chapter 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The purpose of this action is: (i) to avoid a certain preferential transfer or transfers of property of the Debtors in the total amount of $10,765.00, as reflected on Schedule

"A" attached hereto, pursuant to 11 U.S.C. § 547; and (ii) to preserve and recover such property pursuant to 11 U.S.C. §§ 542, 550 and 551.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

2. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

5. The statutory predicates for this proceeding are sections 105, 502, 542, 547, 550 and 551 of the Bankruptcy Code and Rule 7001 of the Bankruptcy Rules.

## FACTUAL BACKGROUND

6. On February 20, 2002 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 the Bankruptcy Code.

7. On March 4, 2002, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Creditors' Committee").

8. On August 5, 2003, the Court entered an order confirming the Third Modified First Amended Joint Chapter 11 Plan of KI-1, Inc. f/k/a Kellstrom Industries, Inc. and Certain of its Subsidiaries (the "Plan"). The Plan became effective on September 5, 2003.

9. Pursuant to section 6.7 of the Plan, the Plan provides for the creation of a liquidating trust (the "KI Liquidating Trust"). The trust agreement was executed on September 4, 2003, by and among Henry H. Hirst (previously defined as the "KI Liquidating Trustee"), as trustee under the Trust Agreement, and the Creditors' Committee; and was subsequently modified on December 22, 2003 (the "Trust Agreement").

2

10. The KI Liquidating Trustee, under the Trust Agreement and the Plan, was vested with the right, among other things, to pursue claims arising under sections 502, 510, 541, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Bankruptcy Code. *See* Plan at ¶ 6.7.5; Trust Agreement at ¶ 3.5.

11. Prior to the Petition Date, one or more of the Debtors received either goods or services from the Defendant (the "Debt"). In conjunction with the receipt of such goods or services, the Defendant invoiced one or more of the Debtors with a series of invoices.

12. On or within 90 days prior to the Petition Date, one or more of the Debtors issued and transferred a check(s) and or a wire transfer(s) (individually or collectively, the "Checks") to the Defendant on the dates and in the sums (totaling the "Preferential Transfer"), reflected on Schedule "A" attached hereto. The Defendant subsequently negotiated the Checks.

### FIRST CLAIM FOR RELIEF
(Avoidable Preference Under Section 547(b))

13. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "12" of this Complaint with the same force and effect as if fully set forth herein.

14. The Preferential Transfer was made to or for the benefit of the Defendant, a creditor of one or more of the Debtors.

15. The Preferential Transfer was made for or on account of the Debt, an antecedent debt owed by one or more of the Debtors before the Preferential Transfer was made.

16. The Preferential Transfer was made while the Debtors were insolvent.

17. The Preferential Transfer was made on or within 90 days before the Petition Date.

18. The Preferential Transfer enabled the Defendant to receive more than it would have received if: (a) this case was a case under Chapter 7 of the Bankruptcy Code; (b) the Preferential

3

Transfer had not been made; and (c) the Defendant received payment of the Debt to the extent provided by the provisions of the Bankruptcy Code.

19. Therefore, the Preferential Transfer is avoidable under Section 547(b) of the Bankruptcy Code.

## SECOND CLAIM FOR RELIEF
### (Preservation of Property Under Section 551)

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein.

21. The Preferential Transfer is the property of the estate of one or more of the Debtors (the "Estate").

22. Therefore, the Preferential Transfer, or the value thereof, should be preserved for the benefit of the Estate pursuant to section 551 of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
### (Recovery and Turnover Under Section 550(a))

23. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint with the same force and effect as if more fully set forth at length herein.

24. The Preferential Transfer constitutes property of the Estate.

25. Therefore, the Debtors are entitled to recover and to a turnover of the Preferential Transfer, or the value thereof, pursuant to section 550(a) of the Bankruptcy Code.

**WHEREFORE**, the Plaintiff respectfully requests judgment be entered in its favor against Defendant as follows:

  (i)  on the First Claim for Relief, avoiding the Preferential Transfer;

(ii) on the Second Claim for Relief, preserving for the benefit of the Estate, the Preferential Transfer or the value thereof as set forth in Schedule "A" attached hereto;

(iii) on the Third Claim for Relief, ordering Defendant to pay and turnover to Plaintiff for the benefit of the Estate the Preferential Transfer or the value thereof as set forth in Schedule "A" attached hereto, plus pre and post-judgment interest;

(iv) pursuant to section 502 of the Bankruptcy Code, disallowing any claims of the Defendant against Debtors if Defendant fails or refuses to pay and turnover to the Debtors the amount of the Preferential Transfer plus interest thereon;

(v) awarding the Plaintiff interest on its claims, its costs and expenses of this proceeding, including reasonable attorneys' fees; and

(vi) granting such other and further relief as the Court deems just and proper.

Dated: February 18, 2004
Wilmington, Delaware

THE BAYARD FIRM

By: _____
Steven M. Yoder (No. 3885)
GianClaudio Finizio (No. 4253)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000

-and-

SONNENSCHEIN NATH & ROSENTHAL LLP
Carole Neville (CN 5733)
Mathew T. Bergman (MB 0743)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768-6700

Co-counsel for the KI Liquidating Trustee

# SCHEDULE A

## PREFERENTIAL TRANSFER(S)

| Date of Transfer | Amount of Transfer | Debtor Entity |
|---|---|---|
| 1/18/02 | $10,765.00 | Kellstrom Industries, Inc. |
| Total Preferential Transfer | $10,765.00 | |
| | | |